### BANKER & CAMPBELL CO., Limited, *v.* STIMSON.

*(Supreme Court, General Term, First Department. October 16, 1891.)*

1. INJUNCTION—WHEN LIES—VIOLATION OF CONTRACT.
   Plaintiff, by a sealed contract with defendant, the owner of a factory, agreed to furnish materials for the manufacture of bicycles, and to pay for all materials so purchased by defendant, and bills for wages, and to accept the bicycles so manufactured by defendant, and push their sale, defendant to receive a certain per cent. of the net profits as compensation. Defendant covenanted to manufacture for plaintiff, "and for itself alone, during the continuance hereof, or any other agreement to this effect, bicycles," etc., and "to that end will devote and apply so much of said factory and plant as may be reasonably necessary for the purpose, and as may not be actually in use in fulfilling other contracts," and in all ways endeavor to meet the market demand for said bicycles in accordance with orders from plaintiff; that he would keep proper accounts of the cost of materials and wages paid; and that plaintiff should have the right to designate defendant's factory as its own. *Held,* that the contract gave plaintiff the exclusive use of the factory in making bicycles, and defendant would be enjoined from manufacturing bicycles for another in derogation of such right, plaintiff's remedy at law being inadequate.

2. SAME—SCOPE OF ORDER.
   An injunction restraining defendant from manufacturing bicycles for any person other than plaintiff on plaintiff's claim of the exclusive product of defendant's factory, ordered that if the parties should not be able to agree on the amount due under the contract from plaintiff to defendant for bicycles already manufactured it should be referred to V., to ascertain, report, etc., and plaintiff should pay the amount found due, etc. *Held,* that instead of such provision it should be directed that defendant may tender the bicycles manufactured, and, on a refusal of plaintiff to pay the amount claimed by him, might apply for a dissolution of the injunction, when the court, as a condition of retaining the injunction, would require payment of the sum due.

Appeal from special term, New York county.

Action for an injunction by the Banker & Campbell Company, Limited, against Frederick J. Stimson. The court granted a preliminary injunction, and, after hearing, continued the same. Defendant appeals.

The portion of the order appealed from, referred to in the opinion herein of BARRETT, J., is as follows: "And it is hereby further ordered and decreed that, in the event that the parties shall be unable to agree upon the amount, if any, payable and due under said contract from plaintiff to defendant, that it be referred to John Vincent, Esq., to ascertain and report what amount, if any, be and is due and payable from plaintiff to defendant under the terms and provisions of said contract between the parties, to the payment of which defendant is or may be entitled before delivering to plaintiff said 'Meteor' bicycles. And upon the confirmation of said report plaintiff shall forthwith pay the amount, if any, so found to be due, or shall secure the payment thereof to defendant."

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.
*E. P. Johnson,* for appellant.     *J. N. Goldbacher,* for respondent.

PATTERSON, J.   This is an appeal from an order continuing in a modified form an injunction restraining the defendant, his servants, etc., from manufacturing bicycles, or permitting them to be manufactured at his works, for any other party or person than the plaintiff.   The order was made on a complaint and on affidavits setting forth, in substance, the following material facts, viz:   That in May, 1890, the plaintiff, a corporation, and the defendant, the owner of a factory, entered into an agreement in writing and under seal, by which the former contracted to furnish, at all times during the continuance of the agreement, materials for manufacturing certain bicycles, the defendant to purchase such materials in the name of the plaintiff, and to hire workmen, and the plaintiff bound itself to pay all bills for such materials and workmen's wages on presentation; that the plaintiff would accept the bicycles so manufactured, would exert its best endeavors to sell them, and, after reimbursement of its outlay, the defendant was to receive 50 per cent. of the net profit as compensation for manufacturing, and also 20 per cent. of actual expenditure, in full satisfaction of charges for the general expense of manufacture.   The defendant covenanted that he would, during the continuance of the agreement, use his best efforts faithfully and satisfactorily to manufacture for the plaintiff "and for itself alone during the continuance hereof, or any other agreement to this effect, bicycles in all reasonable particulars duplicates of the sample bicycle at the date thereof," etc., and "to that end will devote and apply so much of said factory and plant as may be reasonably necessary for the purpose, and as may not be actually in use in fulfilling other contracts."   He also agreed to provide at his own expense the necessary tools, and in all ways endeavor to meet the market demand for the machines as evidenced by and in accordance with the orders given him by the plaintiff; that he would keep proper accounts of the cost of materials and of the wages paid to employes; and that the plaintiff should have the right, during the existence of the contract, to designate the defendant's factory as its own.   It also was further alleged and deposed to that the defendant's factory was used for the manufacture of other things than bicycles; that the agreement made with the plaintiff gave it the right to the exclusive product of bicycles within the capacity of the factory, and on orders given, and by its terms and intent secured to it a factory where its own goods, and not those of other and rival dealers, might be made; that under the contract it paid the defendant over $17,000 for materials bought; that only three bicycles were furnished; that, with materials on hand, orders were given the defendant to manufacture 500 bicycles; that he has not done so, but with that material on hand, and ability to perform that much of the contract, he has violated his agreement, and, although one-half of the time of performance of the whole contract has expired, the defendant is actually using the capacity of the factory and the services of the workmen in making a different kind of bicycle for a rival concern, and that in consequence the plaintiff is seriously injured; that the damages are not susceptible of ascertainment in an action at law; and that, unless the defendant is restrained from using the factory as he is now doing, the plaintiff will be without remedy.   It further appears that the defendant accepted orders from Bretz, Curtis & Co., after his agreement with the plaintiff, to make bicycles for that firm, and the injunction, as modified, requires the completion of 500 bicycles for the plaintiff on the order given and above referred to, after which it allows the defendant to finish those actually in process of manufacture for Bretz, Curtis & Co.   The plaintiff has apparently accepted this modification of the order, and therefore comment upon it is unnecessary.   The effect of the agreement or its interpretation is the only serious matter in controversy.   That the plaintiff's construction is

right is too clear for argument. What it was seeking to obtain was a factory for the fabrication of its goods, and the whole scope of the agreement, the object had in view, the terms of the contract, the disbursements made under it, and all the details, conclusively establish that both parties intended that a place of manufacture for the plaintiff's bicycles should be secured, and the purchase of materials, the equipment of tools, the employment of men, the system of accounts, and the minute details of an entire business were provided for. It is idle to contend that all this might be laid aside by the defendant, and he be at liberty to devote the factory, the tools, and the labor of the employes for the benefit of a competitor of the plaintiff. The reservation in the agreement related to the employment of the facilities of the factory for other work than that of making bicycles.

The matters set up in the answering affidavits do not meet the case, or furnish ground for dissolving the injunction. A *prima facie* case is clearly made out, and, unless the plaintiff has an adequate remedy at law, the injunction must be maintained. Under the particular state of facts disclosed here, full relief could not be afforded at law. It is not the case of a plaintiff seeking to enforce a contract for personal services, as of an actor or artist. It will not do to say it can hire another factory, and get some one else to equip that factory, and employ men, and do all the defendant has agreed to do, and make new terms, and then sue the defendant, and open an inquiry as to damages, remote, uncertain, and perhaps not ascertainable by the rigid rules of law. Here great loss doubtless will arise from the defendant aiding the rival concern, and thereby diverting the market of the plaintiff, and absolutely destroying its business and the value of its patents. How can that loss be measured by an exact standard? As was said by this court in *Pratt* v. *Montegriffo,* (Sup.) 10 N. Y. Supp. 904, "the only remedy is to prevent the wrong, and that cannot otherwise be administered than by injunction." The order is affirmed, with costs.

BARRETT, J. I concur in the views expressed by Mr. Justice PATTERSON, but I think that part of the order appealed from which directs a reference to ascertain what plaintiff should pay before defendant is required to deliver the bicycles was unauthorized. That part of the order should be reversed, and instead a provision made that, in case the parties cannot agree upon the amount so payable, the defendant may, upon tendering the bicycles, and a refusal thereupon to pay the amount claimed by him, move for a dissolution of the injunction. The court can then, as a condition of retaining the injunction, require payment of whatever sum it deems just.

VAN BRUNT, P. J., concurs.